# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3278 | **DATE** | 12/10/2003 |
| **CASE TITLE** | Via vs. Lagrand, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Defendants' motion to dismiss is granted in part. Count I is dismissed as to defendants Goad and Eads, as are the claims against defendants Lagrand and Montalvo in Count I which stem from their use of the credible evidence standard. The motion is otherwise denied. Lagrand and Montalvo are directed to answer Via's remaining federal claim, and all defendants are directed to answer Via's state law claims, within ten days of this order. The case is set for a status on 12/22/03 at 9:30am for the purpose of setting a discovery schedule on the remaining claims.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 11 2003 date docketed | 18 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TONISHA VIA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 03 C 3278 |
| SANDRA LAGRAND, ROI MONTALVO, MARY ELLEN EADS, JOHN GOAD, and UNKNOWN EMPLOYEES OF DCFS, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Tonisha Via filed suit pursuant to 42 U.S.C. § 1983 against four employees and officials of the Department of Child Protection (DCP) of the Illinois Department of Children and Family Services (DCFS). Via alleges that she was falsely accused of mistreating a child in her care and as a result was blacklisted from her profession as a child care teacher. She attributes this to unconstitutional practices and procedures carried out by the defendants, and to the fact that at least some of the defendants knowingly made a false report against her. Via also asserts various state law claims against the defendants. The defendants have moved to dismiss Via's claims based on qualified immunity. For the reasons stated below, the Court grants their motion in part and denies it in part.

## Factual Background

Via was employed as a child care teacher at KinderCare Learning Centers, Inc., in

Elgin, Illinois. Complaint ¶ 33. On the afternoon of April 11, 2001, Via replaced another teacher and began to care for a six-month old child, M.L., who was enrolled at KinderCare. *Id.* ¶ 35. Via claims that M.L. was unusually upset that afternoon and had demonstrated similar behavior the previous day. *Id.* ¶¶ 35, 36. About thirty minutes after starting work, Via was changing M.L.'s diaper and noticed that the baby was experiencing pain in her left leg. *Id.* ¶ 36. Via notified another teacher and the facility's director, who also examined the girl and decided to call M.L.'s mother. *Id.* ¶¶ 37, 38. M.L.'s mother picked up her daughter and took her to a hospital, where it was determined that M.L. had a broken left leg. *Id.* ¶ 39.

DCFS has procedures by which it investigates, reports and tracks allegations of child abuse pursuant to the requirements of the Illinois Abused and Neglected Child Reporting Act (ANCRA), 325 ILCS 5/1 *et seq*. DCFS operates the Child Abuse and Neglect Tracking System (CANTS) in accordance with this mandate. Complaint ¶ 14. Under CANTS, any time the Child Abuse Hotline receives a telephone call alleging child abuse, child welfare professionals with DCFS investigate the report and determine if the person accused is responsible for the act. *Id.* ¶¶ 15, 18. Specifically, the investigators determine whether abuse is "indicated" based upon the existence of "credible evidence," or whether the report is "unfounded." *Id.* ¶¶ 20-22.

Shortly after April 11, 2001, defendant Sandra Lagrand, a DCP investigator, conducted an investigation into the injury sustained by M.L. *Id.* ¶¶ 40, 41. Defendant Roi Montalvo supervised Lagrand's investigation. *Id.* ¶ 41. Via alleges that despite the fact that there was no credible evidence against her, Lagrand recommended, and Montalvo approved an "indicated" finding against her after determining that there *was*

credible evidence to support a finding that Via had abused M.L. *Id.* ¶ 42. DCFS notified KinderCare of the finding, and Via was fired from her job there. *Id.* ¶ 43.

Under CANTS, following the making of an indicated report, a final report is entered into a central register. *See* 325 ILCS 5/7.7. The accused is not afforded an opportunity to be heard for a hearing before the report is entered into the register. *Id.* ¶ 27(d). After receiving notice of an indicated report, the subject may appeal to DCFS for an administrative hearing before an Administrative Law Judge. *Id.* ¶ 24. The ALJ uses a preponderance of evidence test to determine whether abuse is indicated, as opposed to the credible evidence standard employed by DCFS investigators. *Id.* ¶ 25. If the subject's appeal is successful, the DCFS Director makes a final decision whether the report should be expunged from the central register. *Id.* The indicated report remains in the register through the entire appeal process. *Id.* ¶ 27(f).

The indicated report against Via was made on May 16, 2001; she received notice of the finding in a letter dated September 14, 2001. *Id.* ¶ 44. Via initiated the appeal process and appeared before an ALJ in October 2002, approximately seventeen months after the initial report. *Id.* ¶ 46. Via alleges that the ALJ repeatedly advised DCFS during the hearing to expunge the report from its records; the ALJ ultimately issued a recommendation that the report be expunged. *Id.* ¶ 46. Finally, exactly twenty months after the indicated report was made, DCFS Director Jess McDonald expunged Via's record on January 16, 2003. *Id.*

Via alleges that her rights under the Due Process Clause of the Fourteenth Amendment were violated by the defendants' use of the credible evidence standard, their failure to meet even that standard, the lack of notice or a hearing before the report was

3

made, the excessive delay before conducting the appeal hearing, and the defendants' resistance to her efforts to expunge her record. Specifically, Via alleges that defendants Montalvo and Lagrand violated her rights by their purported use of the credible evidence standard and also because they approved the "indicated" finding even though they had no supporting evidence at all. She alleges that defendants John Goad, then the director of DCP, and Mary Ellen Eads, a manager within DCP, were responsible for the development, maintenance and enforcement of the policies that led to the deprivation of her rights. Via also alleges that Eads violated her rights by failing to expunge her record upon the recommendation of the ALJ.

## Discussion

Defendants have moved to dismiss Via's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Though they have tried to couch their argument as based entirely on qualified immunity, in fact they make two logically and legally distinct arguments. First, Montalvo, Eads and Goad argue that Via has failed to allege their involvement in any constitutional violation. Second, all of the defendants claim qualified immunity.

To bring a claim against defendants under 42 U.S.C. § 1983, a plaintiff first must allege the defendant's personal involvement in a constitutional violation. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002) (*Doyle II*). The complaint adequately alleges the involvement of Montalvo, Eads and Goad with regard to the claim arising from the use of the credible evidence standard. Via alleges that Montalvo reviewed Lagrand's work and approved the issuance of an indicated report against Via. The claims against Eads and Goad are premised primarily upon their oversight and

development of DCFS's policies and practices. In *Doyle II*, the Seventh Circuit concluded that allegations against officials concerning their involvement in implementing policies and procedures alleged to have caused a constitutional violation are sufficient to allege their personal involvement in the violation. *See id.* at 615. The Court therefore rejects defendants' personal involvement arguments with respect to Via's claims based on defendants' use of the credible evidence standard.

All four defendants argue that they are entitled to qualified immunity from suit. To assess this argument the Court first determines whether the plaintiff has alleged the deprivation of an actual constitutional right, and second, whether the right was clearly established at the time of the violation. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Doyle II*, 305 F.3d at 616.

A plaintiff making a claim for violation of due process must allege that she was deprived of liberty or property without due process of law. *See* U.S. Const., amend. XIV. In *Doyle II*, the Seventh Circuit held that DCFS's system under which an indicated report may be filed in the central register based upon some "credible evidence," combined with the delayed appeals process, infringes the subject's constitutionally protected liberty interest in pursuing specific career opportunities. *Doyle II*, 305 F.3d at 617. Once such a report is filed, child care employers are "strongly discourage[d] or effectively prohibit[ed]" from hiring persons who are listed in the central register as having an indicated report, barring those persons from the entering the profession of their choice. Complaint ¶ 27(f). Via's allegation that she was effectively blacklisted for twenty months by the indicated report filed against her is sufficient to allege a deprivation of a liberty interest.

5

Via also must allege that she was deprived of her liberty interest without due process of law. Due process requires adequate notice and the opportunity to be heard. *Doyle II*, 305 F.3d at 617 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). *Mathews* requires consideration of three factors to determine the nature of the process that is due: the nature of the right that is infringed, the likelihood of erroneous deprivation and the probable value of additional safeguards, and the government's interest, including the function involved and the burden that would be imposed by imposing additional procedural requirements. *Id.* at 335.

In *Doyle II*, the Seventh Circuit recognized that the right to work in the profession of one's choice is a significant interest. It concluded that in light of the "meager" evidentiary threshold used by DCFS, there is a "perceptible risk of erroneous deprivations" of this right. The court stated that in light of DCFS's obligation to assure the safety of children exposed to abuse or neglect, and the need in many cases to act quickly, it had a significant interest in its current system. On the other hand, the court noted that the need for dispatch does not exist in every case, and it suggested that DCFS's system might not "adequately differentiate[ ] among various forms of abuse and neglect" that are reportable. In some circumstances, the court stated, "the exigencies that permit disclosure of an indicated finding to prospective employers prior to an administrative hearing simply may not exist." The court further stated that it appeared that DCFS does not inform employers whether an "indicated" employee has had an opportunity to challenge the agency's determination. Finally, the court took account of the delays that had occurred in providing the plaintiffs with a post-deprivation hearing at which they could challenge the indicated finding. The court concluded that in the *Doyle*

6

case, "[t]he largely ex parte process conducted under the credible evidence standard, when coupled with [extensive] delay in post-deprivation proceedings, provided insufficient process" to protect the plaintiffs' liberty interests. *Doyle II*, 305 F.3d at 618-19.

Much like the plaintiffs in *Doyle II*, Via alleges she was forced to wait for an unnecessarily prolonged period of over seventeen months before she could challenge the indicated finding. Under *Doyle II*, her assertion of a claim based on DCFS's use of the credible evidence standard, combined with the lack of a pre-deprivation hearing and the delay in the appeals process, is sufficient to state a claim for denial of due process.

An official is entitled to qualified immunity if the constitutional right at issue was not clearly established at the time of the violation. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). *Doyle II* had not yet been decided at the time of the making of the report against Via, so she must look elsewhere to attempt to defeat the claim of immunity. She relies on two decisions from this District issued on March 30, 2001, *Dupuy v. McDonald*, 141 F. Supp. 2d 1090 (N.D. Ill. 2001), and the district court decision in the *Doyle* case, *Doyle v. Camelot Care Centers, Inc.*, 160 F. Supp. 2d 891 (N.D. Ill. 2001) (*Doyle I*), along with three cases from other jurisdictions. *Valmonte v. Bane*, 18 F.3d 992 (2d Cir. 1994); *Lee TT v. Dowling*, 87 N.Y.2d 699, 642 N.Y.S.2d 181 (1996); *Cavarretta v. Department of Children and Family Services*, 277 Ill. App. 3d 16, 660 N.E.2d 250 (1996).

As the Seventh Circuit held in *Doyle II*, the latter three decisions may have indicated a trend against the credible evidence standard, but they did not clearly establish

7

that the use of the standard, combined with the absence of a pre-deprivation hearing, violated the Constitution. *Doyle II*, 305 F.3d at 621. Via's argument against qualified immunity thus hinges entirely on whether *Dupuy* and *Doyle I* were sufficient, together with the earlier cases, to clearly establish the constitutional right on which she relies for this claim. They were not. A single district court decision does not "clearly establish" a proposition of constitutional jurisprudence, *see Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 875 (7th Cir. 1987); the same is true of two decisions issued by a single district judge on one day. *Dupuy* and *Doyle I* likewise were not sufficient to tip the scales when added to the previously referenced cases from other jurisdictions. For these reasons, the Court finds that the constitutional right Via alleges was infringed by the use of the credible evidence standard was not clearly established at the time of the alleged infringement of Via's rights. The claims premised on that theory are therefore dismissed.

Via also alleges, however, that Lagrand and Montalvo issued an indicated report of neglect or abuse even though they knew there was no evidence whatsoever supporting the allegation. Though defendants protest that this theory does not appear in Via's complaint, the Court disagrees; Via repeatedly alleges that the finding against her was made without any supporting evidence whatsoever. *See* Complaint ¶¶ 1, 11, 12, 48(a). In addition, in her response to the motion to dismiss, Via contends that Lagrand testified in the expungement hearing that she made the indicated report despite having no evidence and that she was simply following the orders of her supervisors. *See* Plaintiff's Memorandum at 8. The plaintiff may oppose a motion to dismiss by making factual allegations in her brief that are consistent with the allegations of her complaint. *Smith v.*

8

*Boyle*, 144 F.3d 1060, 1064 (7th Cir. 1998). Because Via alleged in her complaint that the indicated report was based on no evidence, the Court may properly consider the additional allegation made in her brief.

No reasonable official would believe that issuing an indicated finding with no supporting evidence at all complied with constitutional norms; defendants do not argue otherwise. "Qualified immunity is dissolved ... when the conduct is so egregious that no reasonable person could have believed that it would not violate clearly established rights." *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001). Essentially Via alleges that Lagrand and Montalvo made an intentionally false report of wrongdoing on Via's part with knowledge of the likely devastating consequences to her ability to obtain and maintain employment in the child care field. No reasonable official could have believed this was consistent with constitutional norms, and thus Lagrand and Montalvo are not entitled to qualified immunity from Via's claims based on that theory. As we have indicated, defendants do not argue otherwise; indeed they do not challenge Via's "no evidence" claim other than by making the argument that it was not adequately alleged in her complaint, an argument that we have rejected.

Via's allegations in this regard are not sufficient, however, to support claims against Eads or Goad. "[U]nder § 1983, a plaintiff may not rely on the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates." *Doyle II*, 305 F.3d at 614. Neither Goad nor Eads is alleged to have participated in the making of the allegedly unsupported report regarding Via or in the investigation that led to the report. Goad's only alleged involvement stems from the creation of policies. The complaint does allege that Eads reviewed the file at the appeal

9

process, but simple reliance on the reports of subordinates does not rise to the level of an intentional violation of constitutional rights of the type claimed as to Lagrand and Montalvo.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss [docket # 7-1] is granted in part. Count 1 is dismissed as to defendants Goad and Eads, as are the claims against defendants Lagrand and Montalvo in Count 1 which stem from their use of the credible evidence standard. The motion is otherwise denied. Lagrand and Montalvo are directed to answer Via's remaining federal claim, and all defendants are directed to answer Via's state law claims, within ten days of this order. The case is set for a status hearing on December 22, 2003 at 9:30 a.m. for the purpose of setting a discovery schedule on the remaining claims.

MATTHEW F. KENNELLY
United States District Judge

Date: December 9, 2003