Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3278 | **DATE** | 11/10/2004 |
| **CASE TITLE** | | Via vs. Langrand | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants defendants' motion for summary judgment (45-1) in part and denies it in part. Summary judgment is granted in favor of defendants Motalvo, Eads, and Goad on plaintiff's § 1983 claim and in favor of Goad on the state law claims. The motion is otherwise denied. A date has already been set for filing the final pretrial order. The final pretrial conference is set for 12/2/04 at 1:30 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 15 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | rbf | 59 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONISHA VIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03 C 3278 |
| | ) |
| SANDRA LAGRAND, ROI | ) |
| MONTALVO, MARY ELLEN EADS, | ) |
| JOHN GOAD, and Unknown employees | ) |
| of DCFS, | ) |
| | ) |
| Defendants. | ) |



## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Tonisha Via filed suit against four employees and officials of the Department of Child Protection ("DCP") of the Illinois Department of Children and Family Services ("DCFS") pursuant to 42 U.S.C. § 1983 and Illinois law. Via alleges that she was falsely accused of mistreating a child in her care and as a result was blacklisted from her profession as a child care teacher, and that the defendants also should be held liable for intentional infliction of emotional distress. Defendants have moved for summary judgment on Via's federal law claims based on qualified immunity and on her state law claims based on immunity and insufficient pleading.

For the reasons stated below, the Court grants summary judgment in favor of Montalvo, Goad, and Eads' favor on Via's § 1983 claim but denies summary judgment for LaGrand on the § 1983 claim as well as on the state law claims against all four defendants.



**Facts and Procedural History**

Via was employed as a child care teacher at KinderCare Learning Centers, Inc., in Elgin, Illinois. On the afternoon of April 11, 2001, Via was caring for a six-month old child, Madison L., who was enrolled at KinderCare. Via claims that Madison L. was unusually upset that afternoon and had demonstrated similar behavior the previous day. Compl. ¶¶ 35, 36. While changing Madison's diaper, Via noticed that the baby was experiencing pain in her left leg. Via notified another teacher and the facility's director, who also examined the girl and decided to call Madison's mother. Madison's mother picked up her daughter and took her to a hospital, where it was determined that she had a broken left leg. *Id.* ¶ 39.

DCFS has procedures by which it investigates, reports and tracks allegations of child abuse pursuant to the requirements of the Illinois Abused and Neglected Child Reporting Act ("ANCRA"), 325 ILCS 5/1 *et seq*. DCFS operates the Child Abuse and Neglect Tracking System ("CANTS") in accordance with this mandate. Under CANTS, any time the Child Abuse Hotline receives a phone call alleging child abuse, child welfare professionals with DCFS investigate the report and determine if the person accused is responsible for the act. Specifically, the investigators determine whether abuse is "indicated" based upon the existence of "credible evidence," or whether the report is "unfounded."

We are not provided with information indicating how DCFS became involved in investigating Madison's broken leg. Shortly after April 11, 2001, however, defendant Sandra LaGrand, a DCP investigator, conducted an investigation into the injury sustained by Madison. Defendant Roi Montalvo supervised LaGrand's investigation. Allegedly applying DCFS policies and procedures, Defendant LaGrand determined that there was credible evidence to support an

2

indicated report of abuse of Madison against Via, and Montalvo approved this report. Compl. ¶ 42. Via alleges that despite the fact that there was no credible evidence against her, LaGrand recommended, and Montalvo approved, an "indicated" finding against her. *Id.* DCFS notified KinderCare of the finding, and Via was fired from her job there. *Id.* ¶ 43.

Under CANTS, following the making of an indicated report, a final report is entered into a central register. 325 ILCS 5/7.7. The accused is not afforded an opportunity for a hearing before the report is entered into the register. Compl. ¶ 27(d). After receiving notice of an indicated report, the accused may appeal to DCFS for an administrative hearing before an Administrative Law Judge. *Id.* ¶ 24. The ALJ uses a preponderance of evidence test to determine guilt, as opposed to the credible evidence standard employed throughout the investigation. *Id.* ¶ 25. If the subject's appeal is successful, the DCFS Director makes a final decision whether the report should be expunged from the central register. *Id.* The indicated report remains in the register through the entire appeal process. *Id.* ¶ 27(f).

The indicated report against Via was made on May 16, 2001; she received notice of the finding in a letter dated September 14, 2001. Via initiated the appeals process and appeared before an ALJ in October, 2002, approximately seventeen months after the initial report. Compl. ¶ 46. Via alleges that the ALJ repeatedly advised DCFS during the hearing to expunge the report from its records but that the Assistant Associate Deputy Director for Child Protection in Cook County, Mary Ellen Eads, refused to expunge the report. *Id.* Via further alleges that John Goad, the Associate Deputy Director for Child Protection, supported Eads' decision to resist expungement. The report was ultimately expunged on January 16, 2003, exactly twenty months after the indicated report was made, after the ALJ issued a written recommendation for

expungement. *Id.*

Following the expungement, Via filed suit against LaGrand, Montalvo, Eads, and Goad, alleging that they violated her constitutional rights under 42 U.S.C. § 1983 and committed intentional infliction of emotional distress under Illinois law. Via claimed that LaGrand and Montalvo's use of the credible evidence standard in indicating her for child abuse or neglect violated due process. As to Goad and Eads, Via claimed that their maintenance and enforcement of the credible evidence standard throughout the investigation and appeal of her case violated due process. In addition, she alleged that the evidence against her failed to meet even the credible standard and that indicating her for child abuse violated due process irrespective of the standard that properly applies. Compl. ¶ 1.

All four defendants moved to dismiss Via's claims based on qualified immunity and Via's failure to allege their personal involvement in any constitutional violation. The Court granted the motion in part and denied it part. *Via v. LaGrand, et al.*, No. 03 C 3278, 2003 WL 22901210, * 2 (N.D. Ill. Dec. 9, 2003). The Court first rejected defendants' personal involvement claims. *Id.* The Court then moved on to the qualified immunity inquiry and ruled that allegations in Via's complaint were insufficient to defeat qualified immunity for Goad or Eads because they were charged with relying on subordinates and therefore could not be held liable for intentional deprivation of Via's constitutional rights. *Id.* at *5. With respect to LaGrand and Montalvo, the Court ruled they could not be held liable for their use of the credible evidence standard because the unconstitutionality of that standard was not yet clearly established

at the time of the investigation of Via.[1] *Id.* at *4. The Court did, however, direct LaGrand and Montalvo to answer Via's § 1983 claim based on the theory that they indicated her without any supporting evidence at all. *Id.* Finally, the Court directed all four defendants to answer Via's state law claims. *Id.*

After the Court's ruling on the motion to dismiss, Via amended her complaint to add allegations against Goad and Eads in an effort to defeat qualified immunity. She now alleges that their resistance to expungement even after finding out that there was no credible evidence against Via violated due process. Am. Compl. ¶¶ 9-10.

**Analysis**

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In considering a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*1.    Qualified Immunity*

Defendants assert that they are entitled to qualified immunity. Qualified immunity shields government actors from liability when performing discretionary functions as long as they do not violate "'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Berman v. Young*, 291 F.3d 976, 983 (7th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1984)). To determine whether a defendant is entitled to qualified

---

[1] The Seventh Circuit held that the credible evidence standard was unconstitutional in 2002, one year after the investigation of Via. *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002) (*Doyle II*).

5

immunity, a court engages in a two-step inquiry. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). First, the plaintiff must present evidence that, taken in the light most favorable to the plaintiff, would allow a reasonable fact finder to determine that she has been deprived of a constitutional right. *Id*; *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the plaintiff satisfies this requirement, then the Court must determine whether the particular constitutional right was clearly established at the time of the alleged violation. *Wilson*, 526 U.S. at 609.

A. *Sandra LaGrand*

Via alleges that LaGrand violated her constitutional right to due process. This claim is based on the assertion that LaGrand issued an indicated report of neglect or abuse despite knowing that there was no evidence to suggest that Via abused or neglected Madison L. Am. Compl. ¶ 49(a). In denying defendants' motion to dismiss, this Court found that Via made sufficient allegations to overcome the immunity defense at that stage. *Via*, 2003 WL 22901210, at *4. The question now facing the Court is whether Via has presented enough evidence to allow a reasonable fact finder to find in her favor.

In her response to defendants' motion for summary judgment, Via relies heavily on LaGrand's testimony before the ALJ in 2002. The transcript of LaGrand's testimony raises a genuine issue of fact as to whether she indicated Via without any evidence of abuse or neglect. While examining LaGrand at the hearing, Via's attorney, Kevin Doherty, asked:

Mr. Doherty: Tell me what was this act of negligence or neglect that you determined Tonisha did?

Ms. LaGrand: Based on information that we had got from the doctor, that's why the case was indicated on Tonisha.

Mr. Doherty: I heard your answer, but I don't understand it in relation to my question, so I'll ask it again. What was this act that Tonisha did that was an act of neglect you determined?

Ms. LaGrand: That during the time that she was changing the diaper that the incident occurred.

Mr. Doherty: Well what did she do, what was the act of neglect?

Ms. LaGrand: I don't know.

Mr. Doherty: Well you already told us there was no direct action [no action of abuse], right?

Ms. LaGrand: Correct.

Mr. Doherty: So you didn't find any blatant acts of disregard of caretaker responsibility done by Tonisha, did you?

Ms. LaGrand: No.

Mr. Doherty: Isn't that how the Department defines neglect?

Ms. LaGrand: Correct.

Def. Ex. B, Admin. Hearing at 118-19. And later in the hearing, Via's attorney asked:

Mr. Doherty: So you just concluded that the last one to be with the child [Via], she must have been the one who did it, is that basically what we are talking about here?

Ms. LaGrand: Yes.

*Id.* at 124. Based on this testimony, LaGrand arguably admitted under oath that there was no evidence to support an indication against Via. LaGrand presents no contrary evidence in her amended motion for summary judgment. The motion asserts that Via's accusation that LaGrand issued an indicated report of child abuse without evidence "is baseless" but fails to cite to

7

anything in the record that would support that claim. Def. Am. Mot. at 13. Taking the evidence in the light most favorable to Via, a reasonable jury could therefore find that LaGrand violated her constitutional right to due process.

This does not, however, end the Court's inquiry into whether to grant LaGrand qualified immunity. The Court must also decide whether the constitutional right allegedly violated by LaGrand was clearly established at the time of the investigation of the cause of Madison's broken leg. *Wilson*, 526 U.S. at 609. The Court already decided this issue in the motion to dismiss. As discussed more fully in that decision, signing a report indicating someone for child abuse or neglect without any supporting evidence is conduct "'so egregious that no reasonable person could have believed that it would not violate clearly established rights.'" *Via*, 2003 WL 22901210, at *5 (quoting *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001)). In other words, any reasonable person in LaGrand's position would have known in 2001 that indicating Via for abuse or neglect in the absence of evidence of abuse or neglect was a clear violation of Via's right to due process. For these reasons, the Court rejects LaGrand's motion for summary judgment on the immunity defense.

B.  *Roi Montalvo*

Via makes essentially the same claim of deprivation of due process against Montalvo as she did against LaGrand. The case against Montalvo is different, however, because Montalvo was LaGrand's supervisor; he did not actually perform any investigative work. Pl. Resp. to Def. 56.1(a)(3) Stmt. ¶ 169. Via bases her claim against Montalvo on the assertion that he knowingly supported and encouraged LaGrand's decision to indicate Via without any supporting evidence. Pl. Resp. at 13.

8

To raise an issue of fact as to whether Montalvo knew or should have known that LaGrand had found no credible evidence against Via, Via points to LaGrand's testimony that she consulted daily with Montalvo. Def. Ex. G, LaGrand Dep. at 50-51. She also points to the fact that as LaGrand's supervisor, Montalvo reviewed her investigation and based on that review recommended the filing of an indicated report against Via. Def. Ex. H, Montalvo Dep. at 25. This is not enough to defeat qualified immunity for Montalvo. Via does not dispute Montalvo's assertion that he relies on the documentation and evidence gathered by subordinates during their investigations in determining whether to indicate someone for child abuse or neglect. Pl. Resp. to Def. 56.1(a)(3) Stmt. ¶ 172. As a supervisor in the DCFS, a large state agency, Montalvo is "entitled to rely on the determinations of [his] colleagues." *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 794 (7th Cir. 2003). Therefore, "absent awareness" that LaGrand's investigation of Via was "a sham," Montalvo cannot be held liable for a baseless finding of child abuse or neglect. *Id.* Via has failed to raise a genuine issue of fact that Montalvo believed that LaGrand's recommendation to indicate Via was a sham. Montalvo is entitled to summary judgment on his immunity defense.

C.  *Mary Ellen Eads*

Via alleged in her first complaint that Eads, as a high ranking manager in DCFS, violated her right to due process because she supported the indicated finding against Via. In ruling on the motion to dismiss, this Court held that, under § 1983, "'a plaintiff may not rely on the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates'" and that, therefore, Eads was entitled to dismissal of the claim against her. *Via*, 2003 WL 22901210, at *5 (quoting *Doyle II*, 305 F.3d at 614). Via has since amended her complaint to

allege that Eads not only supported the decision of LaGrand, but also exercised her own judgment in reviewing the investigation, seeing there was no credible evidence against Via, and nevertheless resisting her efforts at expungement. Am. Compl. ¶ 10.

The additional allegations against Eads do not alter the outcome of the qualified immunity inquiry. Via still does not dispute that Eads was not in any way involved in the decision to indicate her for child abuse. Pl. Resp. to Def. 56.1(a)(3) Stmt. ¶ 241. Via also does not dispute that Eads had no role in reviewing her case once it was appealed to the ALJ. *Id.* ¶¶ 244-46. Rather, the basis of the claim against Eads is that she rejected the advice of DCFS' attorney that there was not enough evidence against Via and chose to resist Via's request for expungement despite the fact that there allegedly was not enough evidence to sustain a charge. Pl. Resp. at 14. Via, however, provides no evidence to support this allegation. The only citation to the record that Via provides to support for this allegation is to Via's attorney's opening statement in the administrative hearing. *Id.* The words of an opening statement, without more, do not raise a genuine issue of fact as to whether Eads violated Via's due process rights. Eads is entitled to summary judgment on the § 1983 claim.

D.   *John Goad*

Via does not contest defendant John Goad's request for summary judgment. Pl. Resp. at 1. Therefore, the Court grants summary judgment in his favor on both the federal and state law claims.

2.   *State law claims*

The defendants argue that Via's state law claims should be disposed of because, under Illinois' fact pleading requirements, Via failed to plead sufficient facts in her complaint to

support the claims. Contrary to the defendants' suggestions, however, Via does not have to satisfy Illinois pleading requirements. In fact, the Seventh Circuit has stated that, "no one thinks that the Illinois rules of pleading are binding on the federal courts."[2] *AXA Corporation Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 277 (7th Cir. 2004). Rather, pleading in federal courts is governed by Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires only notice pleading. *Id.* Under Rule 8, it is well settled that once it arrives in federal court, "a suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Petri v. Gatlin*, 997 F. Supp. 956, 965 (N.D. Ill. 1997) (quoting *Graehling v. Village of Lombard*, 58 F.3d 295, 297 (7th Cir. 1995)). In her amended complaint, Via alleges in counts two through four that defendants' actions in indicating her without evidence, communicating that finding to others, and refusing her efforts at expungement defamed her and caused her severe emotional and economic damage. This is sufficient to make out her state law claims; defendants' contrary argument, which consists of two sentences with no supporting authority, is insufficient to warrant the Court's consideration.

Defendants also argue that Via's state law claims fail because Illinois law grants DCFS investigators immunity from civil liability. Def. Mot. at 15. Though it is conceivable that this argument may have merit, defendants have advanced it as an afterthought, devoting merely a one sentence footnote to it, again without citing authority. *Id.* n. 7. The Court will not address such a perfunctory argument.

---

[2] Actually, in this Court's experience, many lawyers on the defense side think, or at least proffer, exactly that. Their beliefs in this regard, however, are unreasonable.

## Conclusion

For the foregoing reasons, the Court grants defendants' motion for summary judgment [docket no. 45] in part and denies it in part. Summary judgment is granted in favor of defendants Montalvo, Eads, and Goad on plaintiff's § 1983 claim and in favor of Goad on the state law claims. The motion is otherwise denied. A date has already been set for filing the final pretrial order. The final pretrial conference is set for 12/2/04 at 1:30PM.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 10, 2004