IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONISHA VIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03 C 3278 |
| ) | |
| SANDRA LAGRAND, ROI MONTALVO, ) | |
| and MARY ELLEN EADS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this order, the Court rules on several of the motions *in limine* filed by the parties in preparation for trial in this case, which is set for February 26, 2007.

### Background

Plaintiff Tonisha Via, who worked at a KinderCare day care center, alleges that defendants Sandra Lagrand and Roi Montalvo, employees of the Illinois Department of Children and Family Services, participated in obtaining a DCFS finding that Via had physically abused a child at the day care center, despite the absence of supporting evidence. As a result, Via was fired from her job. Via obtained counsel and challenged the finding, which ultimately was expunged despite the alleged resistance of defendants Mary Ellen Eads and John Goad, both supervisory personnel with DCFS.

In this lawsuit, Via advanced two theories of liability: first, the standard on which defendants had relied, referred to as the "credible evidence" standard, was too low a threshold to

satisfy due process requirements; and second, irrespective of the standard used by DCFS, the defendants violated Via's due process rights by acting despite the absence of evidence supporting the allegation against Via. The Court dismissed Via's claims under on the first theory on the ground that the unconstitutionality of the "credible evidence" standard was not clearly established at the time of the conduct at issue, thus entitling the defendants to qualified immunity regarding that theory of liability. *See Via v. Lagrand*, No. 03 C 3278, 2003 WL 22901210 (N.D. Ill. Dec. 9, 2003). The Court later granted summary judgment in favor of all of the defendants other than Lagrand on the remainder of Via's section 1983 claim and in favor of defendant Goad on Via's state law claims. *See Via v. Lagrand*, No. 03 C 3278, 2004 WL 2554447 (N.D. Ill. Nov. 10, 2004), *appeal dismissed*, 469 F.3d 618 (7th Cir. 2006). Remaining for trial are Via's section 1983 claim against Lagrand and her state law claims against Lagrand, Montalvo, and Eads.

## Discussion

### 1.  Plaintiff's motion to bar evidence of collateral source

Via has moved *in limine* to bar evidence of what she characterizes as "a collateral source of payment" for her legal fees in the course of the DCFS proceedings – namely, the fact that the fees were paid by her employer, KinderCare. Via's motion begs the question of how evidence regarding the legal fees is relevant in the first place. At the pretrial conference, Via's counsel stated that Via had not paid the legal fees and was not obligated to reimburse KinderCare. Under the circumstances, the legal fees cannot possibly be an element of Via's damages, and evidence about the fees is not otherwise relevant. The Court therefore excludes all evidence regarding the legal fees incurred in representing Via in the DCFS proceedings and denies as moot Via's motion *in limine*.

## 2. Plaintiff's motion to bar evidence of abuse or neglect

Via argues that a DCFS Administrative Law Judge's finding that the injury to the child did not result from abuse is binding on the defendants and that any evidence suggesting that abuse occurred, or that Via was responsible for it, should be excluded.

A state administrative agency's findings of fact made while acting in a judicial capacity are given the same preclusive effect in federal court as those findings would be given in state court. *See Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986); *Goodwin v. Bd. of Trustees of Univ. of Ill.*, 442 F.3d 611, 620 (7th Cir. 2006). Via invokes the doctrine of issue preclusion, under which a party to prior litigation, or someone in privity with him, may be barred from relitigating in a later case an issue determined adversely to him in the prior case if there was a final judgment on the merits in the prior case. The general rule under Illinois law, however, is that issue preclusion may not be used "offensively" (i.e., by a party with the burden of proof) against a non-party to the prior suit, unless the non-party is considered to be in privity with the party to the prior suit. *See, e.g., Dowrick v. Village of Downer's Grove*, 362 Ill. App. 3d 512, 519-20, 840 N.E.2d 785, 793 (2005); *Rhoads v. Bd. of Trustees of City of Calumet City Policemen's Pension Fund*, 293 Ill. App. 3d 1070, 1074-75, 689 N.E.2d 266, 269-70 (1997). Government employees sued in their individual capacities are not, as a general rule, considered to be in privity with their employer. *See, e.g., Beard v. O'Neal*, 728 F.2d 894, 897 (7th Cir. 1984). Via has identified no proper basis to invoke issue preclusion in her favor in this case, and for this reason the Court denies her motion *in limine*.

## 3. Defendants' motion to exclude ALJ's findings

Even though the ALJ's findings are not binding on the defendants, it is a separate

3

question whether those findings are admissible in evidence. Defendants have moved *in limine* to bar admission of the findings, arguing that they are irrelevant and unfairly prejudicial. The Court disagrees with defendants on the relevance issue. The ALJ's findings, made after presentation of evidence, meet the threshold of Federal Rule of Evidence 401, which requires that to be relevant, evidence must have only a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In response to what Via's counsel evidently perceived as an argument that the findings are inadmissible hearsay, Via invoked Federal Rule of Evidence 803(8)(C), under which records setting forth factual findings resulting from an investigation made pursuant to authority granted by law are admissible in civil litigation, unless the sources of information or other circumstances indicate lack of trustworthiness. The Court has taken the matter under advisement and has requested further briefing regarding the application of Rules 803(8)(C) and Rule 403, which defendants have also cited in support of exclusion.

4. **Defendant's motion to bar Dr. Sullivan**

Defendants have moved to bar Via from calling Dr. Christopher Sullivan to testify at trial. Dr. Sullivan reviewed the medical records of the child Via was accused of abusing and testified on Via's behalf at the DCFS administrative hearing, rendering an opinion that the child's injuries did not result from physical abuse and contradicting the contrary conclusion of the child's treating physicians. DCFS counsel cross-examined Dr. Sullivan at the administrative hearing.

Defendants intend to call the child's treating doctors to testify at trial in the present case. Defendants contend, however, that Dr. Sullivan should not be permitted to testify because he was

4

not specifically identified by plaintiff as an expert witness in pretrial discovery and no expert report was provided pursuant to Rule 26(a)(2).

Via concedes that Dr. Sullivan will be giving what amounts to expert testimony – as he did not examine or treat the child – but says that any failure on her counsel's part to make the proper disclosure is harmless and should not lead to the exclusion of Dr. Sullivan. Federal Rule of Civil Procedure 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

The Court concludes that Via's failure to make the proper disclosure is, in fact, harmless, for several reasons. First, Via did disclose, in her Rule 26(a)(1) disclosures, the fact that she intends to call Dr. Sullivan as a witness, as well as the subject of his testimony – namely, the condition of the child. Second, there was no mystery to defendants, or to anyone else for that matter, regarding the particulars of Dr. Sullivan's testimony; as a non-treating physician, the only possible thing about which he can testify concerns the conclusions he drew after reviewing the child's medical records. Third, defendants themselves disclosed Dr. Sullivan as a witness in their own Rule 26(a)(1) disclosures, meaning that they viewed him as a person "likely to have discoverable information that [defendants] may use to support [*their*] claims or defenses." Fed. R. Civ. P. 26(a)(1) (bracketed material and emphasis added). Fourth, counsel for the DCFS had a more-than-adequate opportunity, which he exercised, to cross examine Dr. Sullivan at the DCFS administrative hearing. Though the defendants are represented by the Illinois Attorney General in the present case, they do not suggest that the DCFS's interests were different from theirs in

any material way or that the DCFS attorney did an inadequate job of cross examination. Though that cross examination might not be a perfect substitute for a deposition of Dr. Sullivan, an opportunity that defendants chose not to take in the present case, the Court will direct plaintiff's counsel to produce Dr. Sullivan for a deposition by no later than February 21, 2007. Finally, defendants cannot credibly take the position that they would have identified or decided to call any additional witnesses had plaintiff made the proper disclosures. They have already designated both of the child's treating doctors as witnesses, and the primary thrust of their arguments regarding Dr. Sullivan's testimony is that as someone who did not actually examine or treat the child, he cannot possibly have a better idea as to the cause of her injuries than the treating doctors. Given that position, no competent defense attorney would then call a similar non-treating expert witness in rebuttal, as to do so would completely undermine the main defense argument for disregarding the testimony of the plaintiff's expert. In sum, defendants will not suffer any appreciable harm if Dr. Sullivan is permitted to testify at trial.

For these reasons, the Court denies defendants' request to bar Via from calling Dr. Sullivan to testify at trial based on non-compliance with Rule 26(a)(2). Defendants' objection to Dr. Sullivan's testimony under Federal Rule of Evidence 602 is likewise overruled; Via does not claim that Dr. Sullivan observed anything but rather is calling him only as an expert witness. The Court takes under advisement defendants' objection to Dr. Sullivan under Rule 702, based on their contention that his review of medical records is an insufficient basis to permit him to give an opinion about the cause of the child's injuries. The Court is inclined to believe that this is an argument best addressed after the Court has heard the foundation for Dr. Sullivan's testimony, including his testimony regarding why a record review gives him an adequate basis to

render an opinion. For this reason, ruling on defendants' Rule 702 objection is deferred until trial.

5.      **Defendants' motion to bar James Greve**

Defendants ask the Court to preclude Via from calling James Greve, a DCFS attorney, as a witness at trial. Greve acted as DCFS' attorney during the previously referenced administrative proceedings. Via says that she wants to call Greve to elicit testimony that at the request of the ALJ, he asked Eads to undertake a review of the agency's file regarding Via. *See* Pl. Resp. to Defs.' Mots. *In Limine* at 3.

Because defendants have not supported their contention that Greve's request to Eads to review the file amounts to "conduct or statements made in compromise negotiations regarding [a] claim" inadmissible under Federal Rule of Evidence 408(a)(2), the Court rejects that contention.

At the pretrial conference, Via's counsel suggested that he wished to elicit from Greve that when the ALJ asked him to conduct a review of the file, she stated that the case against Via was weak. Were this communicated to Eads, it might be relevant to show her knowledge and intent. But upon inquiry at the pretrial conference, Via's counsel acknowledged that he had no evidence that Greve had communicated to Eads either the ALJ's alleged statement or the fact that the request to review the file had come from the ALJ. The Court therefore excludes the ALJ's alleged comment to Greve regarding the strength of the case against Via. In addition, because it appears that Eads has acknowledged in deposition testimony that she directed a review of the file after being asked to do so, Greve's testimony that he made this request of Eads is cumulative and is therefore excluded.

7

### 6. Defendants' motion to bar reference to indemnification by the State

Defendants have moved to bar testimony that the State of Illinois may indemnify the defendants for a compensatory damage award. The Court grants the motion; evidence of indemnification is either irrelevant, or unfairly prejudicial to the defendants, or both. *Cf.* Fed. R. Evid. 411 (evidence of insurance coverage irrelevant). But as Judge Milton Shadur stated in a recent decision,

> if defendants themselves inject the issue of their claimed inability or limited ability to pay an award, evidence of their right to indemnification by the [State] will become relevant. Punitive damages pose a somewhat separate problem. They do not of course create a right of indemnification, and once again it cannot be known what factors may enter into a jury's quantification of such damages if they are to be awarded. But defense counsel should be aware that if they plan to apprise the jury of the fact that the individual [defendants] will have to bear such damages out of their own pockets, fairness would require that the jury also be informed of the true situation (indemnification) as to compensatory damages.

*Galvan v. Norberg*, No. 04 C 4003, 2006 WL 1343680, at *2 (N.D. Ill. May 10, 2006). *Cf. Joseph v. Brierton*, 739 F.2d 1244, 1247-48 (7th Cir. 1984) (stating that it was improper, as well as unethical, for an attorney for governmental employees who had obtained an order barring evidence of their indemnification from arguing or insinuating that they could not afford to pay a damage award); *Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003) (Denlow, M.J.) (barring evidence of indemnification of police officers by municipality but stating that the issue would be revisited if the defendants offered evidence of their financial condition in defense to plaintiff's claim for punitive damages).

### 7. Defendants' motion to bar reference to lawyers as "assistant attorneys general"

The Court grants defendants' motion to bar plaintiff and her counsel from referring to defendants' attorneys as "assistant attorneys general" and to the defendants as "the State" or "the

DCFS." Via has not opposed the motion.

## 8. Defendants' motion to bar evidence of "credible evidence" standard

The Court grants defendants' motion to bar evidence regarding the constitutionality of the "credible evidence" standard. Via has not opposed the motion, and in any event, her claim that the defendants' use of that standard violated her constitutional rights has been disposed of by way of the Court's rulings on the defendants' motion to dismiss and motion for summary judgment.

## 9. Defendants' motion to bar reference to State laws and DCFS rules

Defendants have moved to bar reference to any violation of state or DCFS rules, procedures, and policies. In *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006), a case involving the alleged use of excessive force by a police officer, the Seventh Circuit affirmed the district court's exclusion of evidence regarding internal police department rules concerning the use of force. The court stated that the internal rules were irrelevant to the jury's determination of whether the use of force at issue in the particular case was objectively reasonable under the circumstances (the federal constitutional standard). *Id.* at 454-55 (citing *Whren v. United States*, 517 U.S. 806, 815 (1996) (internal police department rules are unreliable guide to measuring reasonableness of police conduct in context of traffic stop)). The court also affirmed the district court's determination that with regard to the plaintiff's state law wrongful death claim, the unfair prejudice defendants would experience if the internal rules were admitted substantially outweighed the rules' probative value. *Id.* at 457. The court acknowledged that under Illinois law, violation of a statute or ordinance designed to protect others is proper evidence of negligence or willful conduct, but it noted that the same is not true regarding internal rules or

9

guidelines, which ordinarily impose no legal duty vis-à-vis others. *Id.* (citing *Morton v. City of Chicago*, 286 Ill. App. 3d 444, 676 N.E.2d 985, 992 (1997) ("the violation of self-imposed rules or internal guidelines, such as General Order 81-8, does not normally impose a legal duty, let alone constitute evidence of negligence, or beyond that, wilful and wanton conduct"); *Blankenship v. Peoria Park Dist.*, 269 Ill. App. 3d 416, 647 N.E.2d 287, 291 (1995) ("While the violation of a *statute* or *ordinance* designed to protect human life or property is *prima facie* evidence of negligence, a legal duty is normally not established through rules or internal guidelines, and the failure to comply with self-imposed regulations does not necessarily impose upon municipal bodies and their employees a legal duty")).[1]

*Thompson* did not address the potential admissibility of evidence showing a violation of internal agency rules and procedures with regard to a claim for punitive damages. The considerations may not be the same; a claim for punitive damages typically requires a showing that the defendant acted maliciously.[2] The parties in the present case did not cite *Thompson* with regard to the present motion and have not discussed its applicability when a claim for punitive damages is made. The Court will require further argument before it can rule on this motion.

---

[1] In other contexts, the Seventh Circuit has held that a defendant's failure to follow established internal rules is admissible evidence of intent. *See, e.g., Rudin v. Lincoln Land Commun. Coll.*, 420 F.3d 712, 727 (7th Cir. 2005) (Title VII employment discrimination case; employer's failure to follow own procedures is evidence that its claimed reason for adverse employment action is pretextual).

[2] On Via's section 1983 claim, punitive damages may be awarded against a defendant if her actions were "malicious or in reckless disregard of [p]laintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring [p]laintiff. Conduct is in reckless disregard of [p]laintiff's rights if, under the circumstances, it reflects complete indifference to [p]laintiff's safety or rights." Seventh Cir. Pattern Civil Jury Instr. 7.24. *See Smith v. Wade*, 461 U.S. 30, 56 (1983).

## Conclusion

For the reasons stated above, the Court denies plaintiff's motions *in limine* [docket no. 81] and grants in part, denies in part, and defers ruling in part on defendants' motions *in limine* [docket no. 79].

*(signature)*
MATTHEW F. KENNELLY
United States District Judge

Date: February 12, 2007